**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WESTON CONSTRUCTION LLC,

        Plaintiff,

    v.

5 STAR ROOFING AND RESTORATION
LLC and MERCHANTS BONDING
COMPANY (MUTUAL),

        Defendants.

Civil Action No.

**JURY TRIAL DEMANDED**

## COMPLAINT IN CIVIL ACTION

AND NOW comes Plaintiff, Weston Construction LLC ("Weston"), by and through its undersigned counsel, and for its Complaint in Civil Action against Defendants, 5 Star Roofing and Restoration LLC ("5 Star") and Merchants Bonding Company (Mutual) ("Merchants"), states as follows:

### INTRODUCTION

1.    This case arises out of the failure of 5 Star to make full and complete payment to Weston for Weston's performance of roofing replacement work as 5 Star's subcontractor on the campus of Pennsylvania Western University ("PennWest") located in California, Pennsylvania (the "Project"), as well as 5 Star's surety, Merchants' improper denial of Weston's bond claim in regard to the same.

### THE PARTIES

2.    Weston is a limited liability company organized and existing under the laws of Tennessee with a principal place of business located at 386 Autumn Wind Drive SW, Cleveland, Tennessee 37311.

3.    Weston's sole member is David Weston, who is a resident of Tennessee.

-1-

ClarkHill\110984\1033137\288927777.v1-7/31/26

4.      Upon information and belief, 5 Star is a limited liability company organized and existing under the laws of Maryland with a principal place of business located at 7020 Troy Hill Drive, Suite A/B, Elkridge, Maryland 21075 and a registered agent located at Registered Agents Inc., 5000 Thayer Center, Suite C, Oakland, Maryland 21550.

5.      Upon information and belief, Merchants is a surety bonding company organized and existing under the laws of Iowa with a principal place of business located at 6700 Westown Parkway, West Des Moines, Iowa 50266.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the instant action pursuant to 28 U.S.C. §1332 because the amount in controversy in the instant action exceeds $75,000, exclusive of interest and costs, and because the parties meet the diversity requirements of 28 U.S.C. §1332(a)(2).

7.      This Court has personal jurisdiction over 5 Star because 5 Star regularly conducts business or otherwise operates within this judicial district.

8.      This Court has personal jurisdiction over Merchants because Merchants regularly conducts business or otherwise operates within this judicial district.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Weston's claims occurred in this judicial district.

## FACTUAL BACKGROUND

10.      On or about April 20, 2025, 5 Star and PennWest executed a Standard Form of Contract for Construction Between the System and the Contractor (the "Contract").  A true and correct copy of the Contract is incorporated herein and attached hereto as **Exhibit A**.

11.     Pursuant to the Contract, 5 Star was to perform roofing replacement work on certain residence halls located on PennWest's California, Pennsylvania campus for a total sum of $1,236,250.00.  *See* Ex. A, at p. 1.

12.     Pursuant to the Contract, 5 Star also secured a Contract Bond (the "Payment Bond") from Merchants, and the Payment Bond was incorporated into the Contract.  *See* Ex. A, at pp. 3, 5-11.

13.     On or about May 23, 2025, Weston and 5 Star executed a Subcontractor Agreement (the "Subcontract").  A true and correct copy of the Subcontract is incorporated herein and attached hereto as **Exhibit B**.

14.     Pursuant to the Subcontract, Weston was to perform certain roofing replacement work on the Project on behalf of 5 Star in accordance with 5 Star's obligations under the Contract. *See id*., at pp. 1-3.

15.     Weston performed that certain roofing replacement work on the Project on behalf of 5 Star pursuant to the Subcontract.

16.     Weston invoiced 5 Star for that certain roofing replacement work performed on the Project pursuant to the Subcontract.  A true and correct copy of Weston Invoice #608 is incorporated herein and attached hereto as **Exhibit C**; a true and correct copy of Weston Invoice #617 is incorporated herein and attached hereto as **Exhibit D**.

17.     Weston Invoice #608, dated July 20, 2025, was in the amount of $237,286.75.  *See* Ex. C.

18.     Weston Invoice #617, dated August 7, 2025, was in the amount of $62,428.75.  *See* Ex. D.

19.     Collectively, Weston's invoices to 5 Star totaled $299,715.50.  *See* Exs. C and D.

20. Despite Weston's performance of roofing replacement work on the Project, 5 Star failed to pay Weston on the invoices submitted.

21. Weston has demanded payment from 5 Star for the outstanding amounts due and owing to Weston, but 5 Star has failed and/or refused to issue payment to Weston.

22. Merchants, as surety for 5 Star, executed and issued the Payment Bond for the benefit of subcontractors providing labor, materials, equipment, and/or services on the Project.

23. On or about October 27, 2025, Weston issued a claim against the Payment Bond to Merchants.

24. Despite Weston's performance of its contractual obligations under the Subcontract, 5 Star and, in turn, Merchants has failed to pay the balance due and owed to Weston.

25. Under the terms of the Payment Bond, Merchants is obligated to make payment to Weston in the event that 5 Star fails or refuses to do the same.

26. Weston has demanded payment from Merchants for the outstanding amounts due and owing from 5 Star to Weston, but Merchants has failed to make payment to Weston.  A copy of Weston's demand for reconsideration of Merchants' refusal to pay Weston is attached hereto and incorporated herein as **Exhibit E**.

**COUNT I**
**Breach of Contract**
***Weston v. 5 Star***

27. Weston incorporates by reference all preceding paragraphs of this Complaint in Civil Action as though set forth at length herein.

28. The Subcontract constitutes a valid and enforceable contract between Weston, on the one hand, and 5 Star, on the other hand.  *See* Ex. B.

-4-

29.    Pursuant to the Subcontract, 5 Star agreed to remit payment to Weston for Weston's performance of roofing replacement work on the Project.

30.    Weston performed its obligations under the Subcontract.

31.    Despite Weston's performance under the terms of the Subcontract on the Project, 5 Star has refused and/or failed to issue payment for Weston's performance of roofing replacement work on the Project.

32.    Accordingly, Weston has sustained damages as a result of 5 Star's breach of the Subcontract in the form of the principal balance of $299,715.50 due and owing to Weston pursuant to the Subcontract, which remains outstanding to date.

33.    As the party in breach of the Subcontract, 5 Star is liable for the damages that Weston sustained in consequence of 5 Star's breach.

WHEREFORE, Weston demands a total judgment in its favor and against 5 Star in an amount to be determined at trial in excess of $75,000, plus interest and costs, as well as any such other relief as the Court may find just and proper.

## COUNT II
### Violation of the Commonwealth Procurement Code
### *Weston v. 5 Star*

34.    Weston incorporates by reference all preceding paragraphs of this Complaint in Civil Action as though set forth at length herein.

35.    The Subcontract is subject to the provisions of the Commonwealth Procurement Code, at 62 Pa.C.S.A. §101, *et seq*. (the "Code").

36.    5 Star violated the Code by failing and refusing to pay Weston for Weston's performance of roofing replacement work on the Project.

-5-

37.    Weston is entitled interest on the unpaid balance from the due date of the Invoices, as required by 62 Pa.C.S.A. §3933(d).

38.    Alternatively, and/or additionally, Weston is entitled to interest at the maximum allowable rate, running from the time in which payments were due and owing to Weston per the Code.

39.    5 Star is without any good faith basis to withhold any payments from Weston for the materials and/or services provided by Weston at the public project, and because Weston was required to initiate the instant civil action to recover the unpaid sums due and owing to Weston for its work at a public project, Weston is entitled to a penalty of one percent (1%) per month running from the due date of the Invoices.  *See* 62 Pa.C.S.A. §3935(a).

40.    Weston is also entitled to its reasonable attorneys' fees and all other costs to collect the unpaid balance pursuant to 62 Pa. C.S.A. §3935(b).

WHEREFORE, Weston demands a total judgment in its favor and against 5 Star in an amount to be determined at trial in excess of $75,000, plus attorney fees, interest, and costs, as well as any such other relief as the Court may find just and proper.

## COUNT III
### Quantum Meruit (In the Alternative)
### *Weston v. 5 Star*

41.    Weston incorporates by reference all preceding paragraphs of this Complaint in Civil Action as though set forth at length herein.

42.    In the alternative, Weston brings a cause of action for quantum meruit against 5 Star.

43.    Weston performed roofing replacement work on the Project with the knowledge and approval of 5 Star.

-6-

44.    Weston has not been paid a fair and reasonable value for the roofing replacement work that Weston performed on the Project on behalf of 5 Star.

45.    Weston is owed payment for the fair and reasonable value of the roofing replacement work that Weston rendered to 5 Star on the Project.

46.    It is improper for 5 Star to retain the benefit of the aforementioned roofing replacement work rendered by Weston without full payment to Weston.

47.    Upon information and belief, Weston has unjustly enriched 5 Star.

48.    Pursuant to the theory of quantum meruit, 5 Star is obligated to Weston for the outstanding fair and reasonable value of Weston's performance of roofing replacement work for 5 Star in regard to the Project.

WHEREFORE, Weston demands a total judgment in its favor and against 5 Star in an amount to be determined at trial in excess of $75,000, plus interest and costs, as well as any such other relief as the Court may find just and proper.

### COUNT IV
### Breach of Contract/Payment Bond
### *Weston v. Merchants*

49.    Weston incorporates by reference all preceding paragraphs of this Complaint in Civil Action as though set forth at length herein.

50.    Pursuant to the Payment Bond, Merchants was obligated to issue payment to Weston for all unpaid labor, materials, equipment, and/or services that Weston provided as a subcontractor to 5 Star on the Project.

51.    On or about October 27, 2025, Weston demanded payment from Merchants in the amount of $299,715.50 pursuant to the terms of the Payment Bond.

ClarkHill\110984\1033137\288927777.v1-7/31/26

-8-

52. Merchants has not made payment to Weston and has not provided any valid excuse for the non-payment to Weston.

53. Weston has met all conditions precedent to payment from Merchants.

54. Weston provided labor, materials, equipment, and/or services at the Project within one year from the date of the filing of the instant action.

55. Merchants has materially breached its obligations under the Payment Bond by failing to issue payment of any of the $299,715.50 sum due and owing to Weston.

56. As a direct and proximate result of Merchants' material breach of the Payment Bond, Weston has not received full payment for the labor, materials, and/or services that Weston provided at the Project.

57. As a direct result of Merchants' breach, Weston has been damaged in the principal amount of $299,715.50.

58. The Payment Bond provides that "[e]very . . . limited-liability company . . . who, in or in connection with the prosecution of the work [on the Project], whether as a subcontractor or as a person otherwise entitled to the benefits of this Bond . . . has furnished material or supplied or performed labor [on the Project] . . . and who has not been paid in full, has a direct right of action against [5 Star] and [Merchants] on this Bond for all sums as may be due, plus reasonable attorneys' fees . . ." *See* Ex. A, Contract Bond, at §3 (p. 3 of 6; PDF p. 7 of Ex. A).

WHEREFORE, Weston demands a total judgment in its favor and against Merchants in an amount to be determined at trial in excess of $75,000, plus attorney fees, interest, and costs, as well as any such other relief as the Court may find just and proper.

**JURY TRIAL DEMANDED**

ClarkHill\110984\1033137\288927777.v1-7/31/26

Respectfully submitted,

Date:   July 31, 2026

/s/ Andrew P. Giel
Danny P. Cerrone, Jr., Esquire
Pa. I.D. No. 201091
Andrew P. Giel, Esquire
Pa. I.D. No. 326240
CLARK HILL PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, Pennsylvania 15219
Telephone: (412) 394-7711
Fax: (412) 394-2555
*Counsel for Plaintiff,*
*Weston Construction LLC*

-9-